# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN McCULLOUGH,<br><br>  Plaintiff,<br><br>  v.<br><br>CLOVIS POLICE DEPARTMENT,<br><br>  Defendant. | 1:09-cv-01996 AWI GSA<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF COMPLAINT WITHOUT LEAVE TO AMEND |

## INTRODUCTION

On November 13, 2009, Plaintiff Dawn McCullough, appearing pro se and proceeding in forma pauperis,[1] filed a complaint naming the Clovis Police Department. Plaintiff asserts claims of "police misconduct, police brutality, use of excessive force, unreasonable search, [and] wrongful arrest" in violation of her "1st, 4th, 8th, 9th and 14th" Amendment rights. (Doc. 1.)

## DISCUSSION

**A.   *Screening Standard***

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the court has reviewed the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a

---

[1] Plaintiff's application to proceed in forma pauperis was granted on November 18, 2009. (Doc. 3.)

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 129 S. Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal*, at 1949.

### B.  *Plaintiff's Allegations*

Plaintiff's complaint is largely incomprehensible and rambling.  She has appended a number of documents to the Complaint as "evidence" of her claims.  These documents range from copies of police reports and Greyhound Bus tickets to toxicology reports and photocopies of photographs of her children.  (Doc. 1 at 21-65.)  Plaintiff has provided a "Statement of Facts" that begins with an arrest in August 2000 and concludes with another arrest in November 2004, eventually resulting in the removal of her children from her home and the children's subsequent placement in the foster care system.  (Doc. 1 at 6-18.)

Generally, Plaintiff asserts that she was wrongly arrested for being under the influence in August 2000, and her newborn twins were removed from her custody as a result of the arrest, yet subsequently toxicology reports reveal she "was not under the influence" and she regained sole custody of her children on October 16, 2002.  (Doc. 1 at 6.)  Plaintiff does not identify any

officials involved in this 2000 arrest incident, yet a document appended to Plaintiff's complaint refers to a Fresno Police Department Report No. 00-71786 and references "Reporting Officer M. Peterka." (Doc. 1 at 28.)  A toxicology report dated August 28, 2000, reveals measurable levels of cocaine and benzoylecogonine in Plaintiff's blood. (Doc. 1 at 29.)  Plaintiff has not named the Fresno Police Department or any of its officers in the instant action.  Thus, the Court presumes Plaintiff provided these facts for purposes of providing the Court with background information.

Page seven of Plaintiff's complaint references the Clovis Police Department and "Officer Munro, Officer Kerr, and Officer Moshefri," and, although it is far from clear, the officers were apparently dispatched to the Lexington Square Apartments in order to locate "Kevin Jensen." Apparently the officers approached Plaintiff's apartment in their efforts to locate Mr. Jensen and encountered Plaintiff who advised the officers that Mr. Jensen "was not there, at the time."  As a result of this contact with Plaintiff, the officers apparently arrested her "for being under the influence [*sic*]." (Doc. 1 at 8; *see also* Doc. 1 at 32-39.)  Plaintiff's complaint states that Officer Munro "pulled" her out of the apartment and handcuffed her, and references a "photo of bruises on left arm and bruises on the inside of both arms." (Doc. 1 at 8.)

Plaintiff contends the officers maliciously lied about the condition of her apartment, particularly pertaining to cleanliness and the availability of food, in order to have her children removed from her home. (Doc. 1 at 17-18.)

### C.    *Statute of Limitations*

It is apparent from the face of Plaintiff's complaint that any claims she may assert against the Clovis Police Department and/or its personnel are plainly time barred.

Federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir.2000); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993) (California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983 & 1985); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D. Cal.2003).  The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284

F.Supp.2d at 1257.  Section 1983 and related federal civil rights claims "are best characterized as personal injury actions."  *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

Pursuant to *Wilson*, the Ninth Circuit held that the appropriate statute of limitations for section 1983 and section 1985 claims brought in California is the limitation set forth in California Code of Civil Procedure section 340(3).  *See Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir.1987) (deciding § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1983); *McDougal v. County of Imperial*, 942 F.2d 668, 674 (9th Cir.1991) (deciding that § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1985(3)); *Taylor v. Regents of Univ. of California*, 993 F.2d at 711-12 (holding that § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1985).  On January 1, 2003, section 340(3) was replaced with California Code of Civil Procedure section 335.1[2], which lengthened the limitations period for personal injury claims to two years.  Although state law provides the statute of limitations for claims under sections 1983 and 1985, federal law determines when a civil rights claim accrues.  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.' "  *Id*., quoting *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir.1999).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).  That is the case here: the defense appears complete and obvious from the face of the complaint.

Assuming any cause of action arose with Plaintiff's "wrongful arrest" in November 2004, the last action in time involving the Clovis Police Department or its employees, approximately five years have elapsed.  Thus, any causes of action Plaintiff may assert are well outside the applicable statute of limitations period.  Stated more plainly, Plaintiff had two years from the

---

[2]California Code of Civil Procedure provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

date of her arrest in November 2004 within which to file this action, or until mid-November 2006. However, Plaintiff filed the instant complaint on November 13, 2009.

This Court acknowledges that pro se plaintiffs proceeding in forma pauperis must be given an opportunity to amend their complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d at 1228, n. 9. Here, the Court finds it is absolutely clear that amendment will not cure the fatal defect of a time-barred complaint.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 2, 2009**         /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE